**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**


**UNITED STATES OF AMERICA**


**VERSUS**                                                 **CRIMINAL ACTION NO. 4:09CR147-P-S**


**DEWAYNE SMITH and**
**DAMIEN DARNELL SUBER**

**ORDER**

This cause is before the Court on defendant Smith's Motion to Suppress Evidence [27] and

defendant Suber's Joinder [37] therein. The Court, having reviewed the motion, the response, the

briefs of the parties, the authorities cited and being otherwise fully advised in the premises[1], finds

as follows, to-wit:

Defendants seek the suppression of physical evidence and statements made to investigating

officers following their arrest subsequent to a traffic stop which occurred on July 31, 2007 at

approximately 7:00 p.m. Mississippi Highway Patrol Officer Jacob Lott was monitoring eastbound

traffic while running a stationary patrol on Highway 82 a short distance from the Mississippi River

bridge. He observed defendants' vehicle, a black BMW, pass and noted a Texas tag on the rear of

the vehicle. Because Officer Lott was aware that Texas law required vehicles to mount tags on <u>both</u>

the front and the rear of the vehicle, he was concerned[2] by the fact that the vehicle had no front

license tag. He pulled out and followed the vehicle while simultaneously contacting dispatch to

---

[1] The Court held an evidentiary hearing on May 10, 2010.

[2] He testified: "I was thinking, okay, could this be anything from just, I forgot to put it
on there, to is this a stolen vehicle. What is going on?"

request a record check on the tag number.[3]  Officer Lott then pulled up next to the defendants'

vehicle, looked inside[4] and then pulled behind it and turned on his blue lights.

The driver, Dewayne Smith, pulled over immediately.  Officer Lott approached the

defendants' vehicle and requested Smith's driver's license, registration and insurance.  Smith

complied[5]; Officer Lott reviewed the information Smith provided and then asked him to step out of

his car and walk to the back of the vehicle.  Smith did so; Officer Lott then proceeded to question

him concerning his travel itinerary and his occupation.[6]  After doing so, Officer Lott approached the

front of the vehicle and asked Smith's passenger, Damien Suber to produce identification; he

likewise inquired about Suber's travel plans.

Officer Lott returned to his patrol car and ran a check on Smith's driver's license.  He

returned and spoke with Smith again, this time questioning him about whether he was carrying

weapons, drugs or other items of contraband.  Smith's answer was no.[7]  Trooper Lott asked for

permission to search the BMW; Smith refused.[8]

---

[3]  The dispatcher was unable to access the tag records due to a problem with the computer system.

[4]  He testified: "I did.  I pulled up, got close to it.  Tried to look in the vehicle.  I couldn't see if the driver was wearing a seatbelt or not.  There is tint on the windows.  Then I initiated my blue lights."

[5]  Smith's driver's license listed his residence as Greenville, Mississippi; the bill of sale and proof of insurance showed Texas addresses.

[6]  Officer Lott became suspicious because Smith appeared nervous and he offered only vague answers in response to the questions.

[7]  Officer Lott testified that he did not believe Smith based on his body language and change in demeanor.

[8]  According to Officer Lott, his response was: "Don't you have to have some probable search warrant to search this vehicle?"

Officer Lott then returned to the passenger side of the vehicle and asked Suber to exit the passenger seat and walk to the front of the car. Suber did so; whereupon Officer Lott asked Suber the same questions he'd posed to Smith earlier, e.g., whether the vehicle contained weapons or drugs. Suber answered no with respect to the presence of weapons, but offered only an equivocal response with regard to the presence of drugs. Based on Suber's responses, Officer Lott's suspicions grew. He returned to his patrol car and retrieved his certified K-9, Clay to perform a sniff of the BMW's perimeter. Clay alerted at the rear wheel well and trunk area on the passenger side of the automobile. Trooper Lott returned Clay to the patrol car and informed Smith that Clay's alert provided him with probable cause to search the vehicle for drugs. Officer Lott conducted a cursory search of the rear passenger compartment and then opened the trunk. The trunk contained a blue bag; Officer Lott opened the bag and looked through it. In addition to various items of clothing and jewelry, he found three packages wrapped with tape and sealed with plastic wrap. Officer Lott closed the bag, removed it from the trunk and placed it on the ground. He retrieved Clay from the patrol car again; ran Clay around the vehicle and the bag; the K-9 alerted to the bag.[9] Trooper Lott then confiscated the bag and its contents and arrested Smith and Suber.

---

[9] The packages were later determined to contain cocaine based on the results of laboratory testing.

Defendants urge that the traffic stop and their subsequent detention by Office Lott violated their rights under the Fourth Amendment.[10]  "There is no question but that the stopping of a vehicle and the detention of its occupants is a 'seizure' within the meaning of the Fourth Amendment." United States v. Shabazz, 993 F.2d 431, 434 (5th Cir. 1993).  Passengers in a car have standing to challenge an unlawful stop, even if they have no possessory or ownership interest in the car. Brendlin v. California, 551 U.S. 249, 258-59 (2007).  Searches and searches of motorists suspected of criminal activity are analyzed under the framework established in Terry v. Ohio, 392 U.S. 1 (1968).  Shabazz, 993 F.2d at 434.  An investigative vehicle stop is permissible under Terry only when "the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot.  United States v. Neufeld-Neufeld, 338 F.3d 374, 378 (5th Cir. 2003) (quoting United States v. Sokolow, 490 U.S. 1, 7 (1989)).  A mere hunch or unparticularized suspicion is not sufficient; rather, a minimal level of objective justification for the stop must be present.  Sokolow, 490 U.S. at 7.

As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.  Whren v. United States, 517 U.S. 806, 8-8-10 (1996).  Officer Lott consistently testified that the stop in the instant case was based solely on the lack of a Texas license plate on the front of the defendants' vehicle.[11]  Officer Lott

---

[10]  "[T]he right of the people to be secure in their persons . . . and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause . . . ."  United States Constitution, Amendment IV.

[11]  Though Officer Lott also mentioned that the windows of the BMW were tinted, he never intimated that he stopped the vehicle for a suspected tint violation; and he neither investigated nor issued a citation for a tint violation.  Likewise, nothing in the record reflects that the mere absence of a front license plate warranted a reasonable suspicion that the BMW was stolen.

testified that at the time of the stop, he thought he could issue a citation for noncompliance with Texas law–he in fact <u>did</u> so.[12]   However, Trooper Lott had no authority under Mississippi law to issue a citation for lack of a license plate on the front of the vehicle.  He had no reasonable belief that Smith had violated the law because Mississippi does not require the display of a licenses plate on the front of a vehicle.  <u>Mississippi Code Ann.</u> § 27-19-31(1).  The Fifth Circuit has held that if the conduct the officer perceives to constitute a traffic offense is not a violation of state law, there is no objective basis for the stop.  <u>United States v. Miller</u>, 146 F.3d 274, 279 (5th Cir. 1998).[13] Therefore, application of the law to the facts in the present case necessitates the conclusion that Trooper Lott's stop of the defendants was both unlawful and unconstitutional.   Under the circumstances, the Court is constrained to conclude that suppression of the evidence seized as a result of the unlawful traffic stop, as well as any statements obtained as a result thereof, is an appropriate remedy.  <u>United States v. Weeks</u>, 232 U.S. 383 (1914).

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant Smith's Motion to Suppress Evidence [27] and defendant Suber's Joinder [37] are well-taken and should be, and hereby are, GRANTED.

SO ORDERED, this the 30th day of July, 2010.

<u>/s/ W. Allen Pepper, Jr.</u>
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[12]  That citation (for improper equipment) was later dismissed.

[13]  <u>See also United States v. McDonald</u>, 434 F.3d 958 (7th Cir. 2006); <u>United States v. DeGasso</u>, 369 F.3d 1139 (10th Cir. 2004); <u>United States v. Chanthasouxat</u>, 342 F.3d 1271 (11th Cir. 2003); <u>United States v. Twilley</u>, 222 F.3d 1092 (9th Cir. 2000).